Marlon Alcides **PALMA–PLATERO,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–74902.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.[*]

Filed Oct. 23, 2006.

Rehearing Granted, Order Vacated Feb. 5, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Michelle G. Latour Fax, P. Michael Truman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Marlon Alcides Palma–Platero, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

■ Substantial evidence supports the IJ's conclusion that Palma–Platero did not establish past persecution or a well-founded fear of future persecution. The incidents in which Palma–Platero was threatened by gang members were attempts at recruitment, and do not constitute persecution. *See id.* at 482, 112 S.Ct. 812. Moreover, Palma–Platero did not establish that the threats that he received were made by the government or forces that the government is unable or unwilling to control. *See Nahrvani v. Gonzales*, 399 F.3d 1148,

1153–54 (9th Cir.2005). Accordingly, he is not eligible for asylum.

■ Because Palma–Platero failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

■ Palma–Platero also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to El Salvador. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

